UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JONATHAN M. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-22-M |
| | ) | |
| GRADY COUNTY LAW | ) | |
| ENFORCEMENT CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On January 7, 2015, Plaintiff Jonathan M. Clark filed a two-page document (Doc. No. 1), which, liberally construed, is an attempt to initiate a civil action. Mr. Clark identifies himself as a federal prisoner incarcerated at the Grady County Law Enforcement Center in Chickasha, Oklahoma. Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). As discussed below, Plaintiff has failed to prosecute his case and, therefore, the undersigned recommends that this action be dismissed without prejudice.

On January 12, 2015, finding Plaintiff's initiating document (Doc. No. 1) to be procedurally deficient, the Court ordered Plaintiff to file an amended complaint no later than February 3, 2015, if Plaintiff intended to initiate a civil action. Order, Doc. No. 4, at 2-3 (ordering Plaintiff, alternatively, to advise the Court if he did not intend to initiate a civil action). In addition, in light of Plaintiff's prior failure to do so, the Court ordered Plaintiff to either pay the fees required upon initiation of a civil action or file an

application seeking leave to proceed *in forma pauperis* no later than February 3, 2015. *Id.* at 1-2, 3. Plaintiff was advised: "Failure to comply with this Order may result in the dismissal of this action." *Id.* at 3; *see also* Fed. R. Civ. P. 41(b); LCvR 3.2, 3.3.

The January 12, 2015 Order was mailed to Plaintiff at his stated address, along with a copy of the Court's *in forma pauperis* application form and Local Civil Rules. The order and accompanying documents were returned as undeliverable on January 16, 2015. *See* Doc. No. 5; *see also* LCvR 5.4(a) (deeming delivered any papers sent by Court to party's "last known address given to the Court"). To date, Plaintiff has not filed a notice of change of address. *See* LCvR 5.4(a) (requiring pro se litigant to notify the Court of any change of address). Also, to date, Plaintiff has neither paid the initiating fees nor sought relief from being required to do so.

Although the Court has a "strong predisposition to resolve cases on their merits," it may in its discretion dismiss an action sua sponte if the plaintiff fails to prosecute the action. *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151-52 (10th Cir. 2007) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631-33 (1962); *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236; *accord Robledo-Valdez v. Smelser*, No. 14-1201, 2014 WL 6610079, at *3 (10th Cir. Nov. 20, 2014).

Plaintiff's failure to prosecute his action and to comply with the Court's January 12, 2015 Order leaves the Court unable "to achieve [an] orderly and expeditious"

resolution of this action. *See Link*, 370 U.S. at 629-31. Additionally, Plaintiff's lack of prosecution has left the Court unable to collect any of the $400.00 in fees owed by Plaintiff or to evaluate Plaintiff's current ability to pay such fees. *See* LCvR 3.2, 3.4(a).

The Court has provided Plaintiff sufficient notice of the possibility of dismissal and an opportunity to respond. *See* Order, Doc. No. 4, at 3. Plaintiff again has the opportunity to respond by objecting to this Report and Recommendation. Given the above circumstances, the undersigned recommends that the Court exercise its discretion to dismiss this action without prejudice based on Plaintiff's failure to prosecute. *See Rogers*, 502 F.3d at 1151-52.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this civil action be dismissed without prejudice to refiling.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by March 5, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the present case.

ENTERED this 12th day of February, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE